# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROY KENEDY CASTRO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3321 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Roy Kenedy Castro filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2003 state court felony conviction. Respondent filed a motion for summary judgment on the basis of expiration of limitations. (Docket Entry No. 10.) Petitioner filed a response. (Docket Entry No. 11.) After considering the pleadings, the motion and response, the state court record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case as barred by limitations.

### *Procedural Background*

The record shows that petitioner pleaded guilty to aggravated robbery in Harris County, Texas, and was sentenced to twenty-four years incarceration on July 29, 2003. His conviction was affirmed on December 16, 2004. *Castro v. State*, 2004 WL 2902576, No. 01-03-00802-CR (Tex. App. – Houston [1st Dist.] 2004, no pet.) (not designated for publication). Petitioner requested and was granted an extension of time until March 21, 2005

to file a petition for discretionary review.  No petition was filed.  Petitioner did, however, file

three applications for state habeas review which were dismissed without jurisdiction because

mandate had not issued.   The court of appeals issued mandate on March 22, 2006.

Petitioner's fourth and final application for state habeas relief was filed on June 30, 2006 and

denied by the Texas Court of Criminal Appeals on September 27, 2006 without a written

order on findings of the trial court.

Petitioner filed this federal habeas petition on October 14, 2006, raising two grounds

for federal habeas relief:

(1)    he was denied due process by the trial court's improper voir dire comments; and

(2)    trial counsel was ineffective in failing to object to the improper comments.

Respondent argues that this petition is barred by the one-year federal statute of

limitations.  Petitioner asserts that the petition is timely because it was filed within one year

after mandate issued on his appeal.

*Statute of Limitations*

The pending petition is governed by provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).  Under AEDPA, habeas corpus petitions are subject

to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State
court.  The limitation period shall run from the latest of –

2

> (A)    the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of
> due diligence.
>
> (2)    The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the instant case, petitioner's conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Although petitioner was granted an extension of time to file his petition for discretionary review through March 21, 2005, he did not file a petition. Accordingly, his conviction became final for purposes of federal habeas review on March 21, 2005, and limitations expired one year later on or about March 21, 2006.

In his response to the summary judgment motion, petitioner argues that the one year limitation did not commence until March 22, 2006 when the state court issued mandate.

3

(Docket Entry No. 11, p. 4.)   This is an incorrect statement of the law.  The issuance of mandate is of no consequence for purposes of the AEDPA statute of limitations.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).  This federal petition, filed on October 14, 2006, is time-barred unless an exception applies.

*Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period.  *Artuz v. Bennett*, 531 U.S. 4 (2000).  Petitioner's first three state habeas applications were not filed properly under state law, and had no tolling effect.  *See Larry v. Dretke*, 361 F.3d 890, 894-96 (5th Cir. 2004).  The fourth habeas application was filed properly but after expiration of the one-year limitation, and had no tolling effect.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  No grounds for application of any exception set out in 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D) are shown.  The instant petition is barred by the one-year limitation, absent grounds for equitable tolling.

*Equitable Tolling*

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  The record clearly shows that due to unexplained procedural peculiarities of this case, mandate issued on petitioner's state

4

appellate case one day *after* expiration of the one-year limitation.[1]  As a result, by the point in time petitioner was able to file properly his state habeas application, he was barred from filing a federal habeas petition.  Such circumstances ordinarily would suggest grounds for consideration of equitable tolling.

Respondent cites *Roberts* in the motion for summary judgment.  Petitioner nevertheless ignores *Roberts* in his response to the summary judgment motion and insists that this petition is timely because it was filed within one year after mandate issued.  Although *Roberts* was issued on January 24, 2003, prior to the date his conviction was affirmed on appeal, petitioner contends that his case is controlled by *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000), a state law case holding that a direct appeal is "final" when mandate issues.  *Ex parte Johnson* may control the finality of cases under state law, but *Roberts* controls the determination of finality for purposes of section 2254 proceedings.

Petitioner's ignorance of or disagreement with the law or statute of limitations does not warrant tolling, even as a *pro se* petitioner.  *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  Petitioner does not argue that he was confused or mislead, and even given the clear holding in *Roberts*, does not request application of equitable tolling.  He simply, and incorrectly, argues that state law determines finality for commencement of the AEDPA one-year limitation.  Accordingly, his petition will be dismissed as barred by limitations.

---

[1]Neither the record nor the respondent sheds any light on why the state court of appeals delayed issuance of mandate in petitioner's case.

5

*The Federal Habeas Claims*

Even assuming this habeas case were not barred by limitations, it has no merit.  In rejecting petitioner's due process claim on direct appeal, the state court of appeals held as follows:

> [A]ppellant argues that he was denied a fair and impartial sentencing hearing because the trial court's comments imparted to the jury the court's bias against granting him probation and, therefore, violated his due process rights.
>
> Appellant's argument is based on two comments made by the trial court during voir dire.  The first comment was in response to a question by a venire person asking if the judge was permitted to give probation.  The judge replied, 'I could do a form of probation if I thought it was appropriate in this case.'  Appellant argues that, because the judge did not preface this statement with an indication that she was not aware of the facts of the case, the jury could assume that not only did she know the facts, but that she had considered and rejected probation as an appropriate punishment for appellant.  He argues this statement was so devastating that, even if he had heard the statement and objected, no instruction could have cured the error.
>
> Appellant next complains that the trial judge offered 'examples' of when probation would be 'absolutely the right thing to do' and when it would not.  He argues that, by using the word 'examples,' instead of 'hypotheticals,' the trial court did not properly illustrate the minimum and maximum punishments that might be appropriate in his case.  He argues that use of the word 'examples' implied that the judge was referring to cases that had actually been tried in her court.  Appellant contends the phrase 'absolutely the right thing to do,' coupled with an 'example' of a much less serious crime than the one to which he pleaded guilty, improperly influenced the jury.  Appellant acknowledges that the trial court told the jury that the 'examples' were 'not to suggest to you what I think the punishment should be in either one of these [examples].'

*Castro*, *1.  Petitioner acknowledged that he failed to object to these comments, but argued that they constituted fundamental error under state law, excusing any failure to object.  *Id.*,

*2.  The state court of appeals reviewed the entirety of the state court's comments in context, and found no fundamental error, as follows:

> [T]he comments to which appellant objects were taken out of context.
>
> The record reveals that, when the trial court stated, 'I could do a form of probation if I thought it was appropriate in this case,' the court was explaining the range of punishment for the offense of aggravated robbery:
>
> **Trial Court**:  Now, aggravated robbery is a first degree felony in Texas.  The range of punishment means it's a minimum of [five] years in prison, all the way up to 99 years or life in prison, and a fine of $10,000 may be assessed. Probation is an option in this case.  And this is the way it works. If the jury determines that the appropriate punishment is somewhere between five years, which is the minimum, and ten years in prison, they may, in their discretion, recommend to the Court that the sentence be probated or it's called community supervision be imposed.  It's very important that you understand that I do not have any discretion in this matter.  The Defendant has elected for the jury to assess his punishment, and that will be totally your job[.]
>
> **Prospective Juror**:  Are the guidelines exactly the same to the jury as they would be to the judge?
>
> **Trial Court**:  Exactly- well, I don't want to mislead you.  Basically exactly, but the Court actually has no authority to grant probation on aggravated robbery cases.  The legislature has not given the Court authority.  But I could assess what's called deferred adjudication, which is a little bit different kind of probation in that if you serve it out completely and successfully, you don't have a final felony conviction.  So, it's kind of a technicality.  **I could do a form of probation if I thought it was appropriate in this case**.  That would- if a person successfully did it, would not have a final felony conviction.  **By pleading guilty to a jury and if a jury gives someone probation, they will have a final felony conviction; but the jury has the option if they choose to do so to probate it.  So does that explain it?**
>
> The trial court properly explained the law to the venire.  The Code of Criminal Procedure mandates that the court may not place a defendant on probation who was found guilty of aggravated robbery.  In the best interest of society and the

defendant, a court may, however, defer entering a finding of guilt and place a defendant on community supervision. The trial court's statement to the jury panel was an accurate interpretation of the law and was neither biased nor egregious.

Similarly, we disagree with appellant's contention that the 'examples' of possible sentences given by the judge to illustrate the range of punishment violated his due process rights because they were designed to benefit the State and harm him by arguing for a long sentence. A trial court should not make a comment that conveys to the jury the court's opinion of the case before it. However, the court has the right to try to qualify the venire panel and to determine whether it would be able to follow the law and consider the entire range of punishment. It is permissible to use a hypothetical situation to explain the application of the law, but improper to ask how the potential jurors would respond to the particular circumstances presented in the hypothetical. The court abuses its discretion only when its comments are reasonably calculated to benefit the State or prejudice the defendant.

Here, the judge stated,

**Trial Court**: They've given us a lot of discretion, and it's good. It allows you to have the tools to do what's right. Because sometimes it's going to be that there are aggravated robbery cases where five years probation is absolutely the right thing to do, and there are going to be the aggravated robbery cases where a life sentence is absolutely the right thing to do.

I'm going to throw out a couple of examples to you, just to get you thinking why that's true. **That's not to suggest to you what I think the punishment should be in either one of these cases**. It's just to illustrate to you how things could differ in both the aggravated robberies. Let's say we had a woman– and I'm not being sexist by making this a woman. Let's say we had a woman who had four or five children. She's out of diapers. She's out of formula. The man has left her. She has nothing. She gets a little broken gun that her husband left behind. It's unloaded. It's rusty. She knows it doesn't work. She goes in a 7-Eleven and she steals only diapers and formula, and she leaves. She turns herself in the next day. She's remorseful. She's never been in trouble before. You [m]ay want to give a lady like that five years' probation. I doubt very seriously you would want to send her to prison once you've heard it all. Some of you might want to, but generally speaking.

8

Let's take another situation where a person goes to a crowded Kroger store at 5:30 in the afternoon when everybody is trying to get those last-minute things; and they got their kids, dragging them along. Somebody comes in with a loaded shotgun. They grab the first five-year old they see. He's terror stricken, screaming. They throw him down and put the shotgun to his head, fire the weapon right next to his head, doesn't kill him– that would be capital murder– terrorizes everybody in the store, makes everybody lie down, takes their money and leaves. You may want to give that guy a life sentence. Some of you may not want to. Some may think that's too light. Some may think that's way too harsh. **But just an example, to make sure you understand that there can be all kinds of defendants with all kinds of way[s] that they commit crimes; and that's why we have the great range of punishment. Okay? Everybody understand?**

The trial court clearly told the venire that the examples did not reflect her opinion; nor did they; and she did not seek to commit the jury to a particular punishment in the case.

We find that the trial court did not display a bias to the jury and did not prevent a fair and impartial sentencing hearing. Thus the trial court's comments did not infringe on appellant's due process rights. We hold that the statements did not constitute fundamental error.

*Castro*, *3-4 (emphasis added in original; citations and footnote omitted). The state appellate court clearly found that the trial court committed no error under state law, and that no due process violation was shown. A review of the record fails to show that the state court's determination was in conflict with established federal law or was objectively unreasonable, and nothing in the record rebuts the presumption of factual correctness of the state court's findings with clear and convincing evidence. No grounds for habeas relief are shown under this argument.

In rejecting petitioner's *Strickland* claim, the state court on collateral review found that petitioner failed to establish ineffective assistance of counsel. *Ex parte Castro*, Application No. 59,828-04, p. 25. The Texas Court of Criminal Appeals expressly relied on this finding in denying habeas relief. A review of the record fails to show that the state court's determination was in conflict with established federal law or was objectively unreasonable, and nothing in the record rebut the presumption of factual correctness of the state court's findings with clear and convincing evidence. Because the trial court's comments were neither error nor a violation of petitioner's due process rights, counsel's failure to object to the comments did not constitute the ineffective assistance of counsel. Accordingly, counsel was not deficient for failing to raise futile or meritless objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). No grounds for habeas relief are shown under this argument.

### Conclusion

The motion for summary judgment (Docket Entry No. 10) is GRANTED. Petitioner's petition for habeas relief is DENIED and this case is DISMISSED with prejudice. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on March 27, 2007.

_____
Gray H. Miller
United States District Judge